UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                     :
                                              :
v.                                            :    **ORDER**
                                              :
                                              :    23 CR 602 (VB)
FELIX NUNEZ PAULA,                            :
                              Defendant.      :
--------------------------------------------------------------x

Briccetti, J.:

      Defendant and his brother Alex Nunez Paula ("Alex") were United States Postal Service ("USPS") postal carriers working out of the United States Post Office in Monsey, New York. Defendant is charged with accepting bribes from Alex to "divert" parcels, meaning marking the parcels in USPS records as "delivered" but instead delivering them to his brother. Alex is separately charged with conspiring to distribute narcotics, narcotics distribution, and bribery, for sending packages of narcotics from Puerto Rico to addresses on his mail route and diverting those packages. See United States v. Alex Nunez Paula, 23 CR 584 (KMK).

      Before the Court are the parties' motions in limine. Defendant seeks to exclude evidence of narcotics in intercepted packages, and to preclude evidence regarding defendant's truthfulness or credibility. (Doc. #35). The government seeks to present evidence of its investigation that led to the discovery of defendant's conduct and certain of Alex's narcotics trafficking activities, to explain the bribes he paid to defendant. (Doc. #36).

      For the reasons set forth below, defendant's motion is DENIED, and the government's motion is GRANTED.

1

**DISCUSSION**

I.    <u>Government Investigation, Narcotics Trafficking, and Contents of Intercepted Packages</u>

Defendant seeks to exclude evidence of narcotics in intercepted packages under Rule 403 of the Federal Rules of Evidence, arguing the actual content of the packages is irrelevant and such evidence would be unfairly prejudicial and confuse the issues. Conversely, the government seeks to allow evidence of its investigation and of some of Alex's narcotics trafficking activities.

The Court will not exclude such evidence.

Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As an initial matter, evidence of the government's investigation is "necessary to complete the story of the crime on trial." <u>United States v. Carboni</u>, 204 F.3d 39, 44 (2d Cir. 2000).[1] According to the government's proffer, in November 2022, law enforcement began investigating packages that originated in Puerto Rico and were addressed to locations on Alex's delivery route. Federal agents observed Alex divert packages which were later determined to contain narcotics. During the course of the investigation, the government determined defendant covered Alex's postal route on December 19, 2022, and diverted packages, remaining in communication with Alex throughout the day. The government could not fairly present its story of how it learned of defendant's purported illegal conduct without this evidence.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

In addition, the government's investigation, Alex's narcotics trafficking activities, and the contents of the intercepted packages are relevant to explaining the purpose of the bribes at issue, i.e., why Alex was willing to pay defendant to divert packages and why defendant was willing to accept the alleged bribes. Moreover, evidence defendant knew or had reason to believe the packages he was bribed to divert contained narcotics goes directly to defendant's corrupt intent, an element the government will need to prove at trial.

The probative value of this evidence is not substantially outweighed by the risk of unfair prejudice. To the extent defendant is concerned the jury would improperly assume guilt by association with Alex, who is charged with conspiracy to distribute narcotics, the government does not intend to introduce evidence regarding the charges against Alex. Moreover, the Court agrees with the government that this concern can be alleviated through a limiting instruction about persons not on trial.

Similarly, the Court disagrees with defendant's argument that evidence of the contents of the intercepted packages is unfairly prejudicial because there is no evidence defendant was told or had reason to suspect the packages contained narcotics. As the government notes, defendant was specifically trained on the risk that USPS carriers may be offered bribes to divert packages containing narcotics, which is relevant to defendant's purported criminal intent. And again, any concern that this creates an inference that defendant must have been aware of Alex's narcotics trafficking can be addressed through a limiting instruction making clear to the jury that defendant is only charged with bribery, not conspiring to distribute narcotics.

Accordingly, defendant's request to exclude evidence that the intercepted packages contained narcotics is denied, and the government's request to introduce evidence of its investigation and Alex's narcotics trafficking activities is granted.

II.     Evidence Regarding Defendant's Truthfulness or Credibility

Defendant seeks an order precluding the government from "introducing into evidence any testimony by law enforcement, or recorded interview, or transcripts of any interview, in which law enforcement agents offer opinions concerning the truthfulness or credibility of Mr. Paula's statements." (Doc. #35 at ECF 6).[2] In particular, defendant refers to a transcribed recording from January 30, 2023, in which federal agents questioned him, and which the government attached to its response. (Doc. #38, Ex. A).

Although the government does not oppose defendant's motion and stated it does not intend to introduce such evidence at trial, it is unclear what specific portions of the more than 100 page-transcript defendant seeks to exclude. Accordingly, defendant's motion is denied without prejudice. The parties are directed to attempt to agree on what portions of the recording should be excluded. If they are unable to do so, defendant shall identify the specific portions to which he objects, and the Court will rule thereon prior to trial.

In addition, the government requests the exclusion of a statement by a federal agent from that recording for the same reasons outlined in defendant's motion.

The Court agrees this statement should be excluded.

Lay witness testimony is not allowed unless it is "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or determining a fact in issue." Fed. R. Evid. 701. In the recording, Special Agent Angela Flora of the USPS Office of the Inspector General says: "But I – my opinion is that you did a favor, right? For your brother. I think you knew very well what you were doing because it's not a thing you do

---

[2] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

regularly." (Doc. #38, Ex. A at 99). This statement is not based on Special Agent Flora's personal knowledge and is not helpful to the jury in determining a fact in issue.

Accordingly, the government's request to exclude Agent Flora's statement is granted.

## CONCLUSION

Defendant's motion in limine is DENIED.

The government's motion in limine is GRANTED.

The final pretrial conference shall proceed as scheduled on October 15, 2024, at 10:00 a.m.

The Clerk is instructed to terminate the pending motions. (Docs. ##35, 36).

Dated: October 10, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge