UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

FELIX NUNEZ PAULA,
                     Defendant.
--------------------------------------------------------------x

**ORDER**

23 CR 602 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/2024

    On October 17, 2024, the parties submitted a joint letter-motion regarding the admissibility of two portions of the dual-column Spanish and English transcript of defendant's interview with law enforcement. (Doc. #46). The Government seeks to admit, and defendant seeks to exclude, portions of the transcript regarding whether defendant had ever previously been in jail and his background as a police officer in Puerto Rico.

    The Court will exclude this evidence.

    "[R]elevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

    Defendant and his brother Alex Nunez Paula ("Alex") were United States Postal Service ("USPS") postal carriers working out of the United States Post Office in Monsey, New York. Defendant is charged with accepting bribes from Alex to "divert" parcels, meaning marking the parcels in USPS records as "delivered" but instead delivering them to his brother.

    First, whether defendant has ever been in jail or incarcerated before is irrelevant, as it does not make it any more or less probable that he committed the charged bribery offense.

1

Although the risk of unfair prejudice that may be associated with asking whether defendant had ever been in jail, and his unequivocal denial, is likely minimal, the evidence should still be excluded as irrelevant.

Second, defendant's former occupation as a police officer is also irrelevant. The Court disagrees with the government's assertion that defendant's law enforcement background means he is more likely to have understood it was wrong to accept money in return for violating his duties as a postal carrier. Indeed, defendant's law enforcement background in another country has little bearing on whether he knew about the policies and procedures involved in working as a postal carrier in this country. Again, although the risk of unfair prejudice or misleading the jury due to this evidence is minimal, it should still be excluded as irrelevant.

Accordingly, the government's request to admit the portions of the transcript in the joint letter-motion is DENIED, and the defendant's request to exclude those portions is GRANTED.

The Clerk is instructed to terminate the letter-motion. (Doc. #46).

Dated: October 18, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge